# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**HARBORTOWN MARINA-CANAVERAL, LTD.,**

                **Plaintiff,**

**v.**                                **Case No:   6:19-cv-1126-Orl-41LRH**

**S/V "ODYSSEY" and DALE BROADWELL,**

                **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **AGREED MOTION FOR IMMEDIATE INTERLOCUTORY SALE OF VESSEL (Doc. 20)** |
| **FILED:** | **October 17, 2019** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

This case stems from Defendant Dale Broadwell's alleged failure to pay Plaintiff Harbortown Marina-Canaveral, LTD., a company that operates the marina where Mr. Broadwell's vessel, the S/V Odyssey (Vessel), is docked, for dockage fees and other services the Plaintiff performed with respect to the Vessel.  (Doc. 1).  On June 18, 2019, the Plaintiff filed this action asserting a single claim for foreclosure of a maritime necessaries lien against the Vessel.  (*Id.*).

On July 1, 2019, the Court entered orders granting the Plaintiff's request to issue a Warrant for Arrest *In Rem* of the Vessel and appointing the Plaintiff as the custodian of the Vessel during

the pendency of these proceedings.   (Docs. 11; 12).   The Vessel was arrested on July 22, 2019 and has been in the Plaintiff's possession, as custodian, since that time.   (Doc. 14).

In accordance with Supplemental Admiralty Rule (C)(4) and Local Admiralty Rule 7.03(d), on August 9, 2019, notice of this action and the arrest of the Vessel was published in the Orlando Sentinel newspaper.   (Doc. 19-1).   Neither the Defendants nor any other parties have come forward to defend this action.

On October 17, 2019, the Plaintiff filed a motion for the immediate interlocutory sale of the Vessel.   (Doc. 20 (Motion)).   In support, the Plaintiff states that it seeks the immediate sale of the Vessel because the value of its original claim ($4,452.07) and the increasing custodian fees (which totaled $14,952.08 on the date the Motion was filed and accrue at a rate of $5,160.00 per month) will soon eclipse the estimated value of the Vessel ($30,000.00).   (*Id*. at ¶¶ 3, 5, 7-8).   The Plaintiff states that the arrest of the Vessel was publicized in accordance with the applicable rules and, as of the date of the Motion, no additional claimants have come forward against the Vessel – a fact that remains true through the date of this Report.   (*Id*. at ¶ 9).   The Plaintiff's counsel has been in contact with Mr. Broadwell and his son, the purported owners of the Vessel, and they have advised him that they do not intend to appear in the action and agree to the Vessel going to auction.   (*Id*. at ¶¶ 6, 10-11).   Accordingly, the Plaintiff requests the Court enter an order of interlocutory sale of the Vessel pursuant to Supplemental Admiralty Rule E(9)(b).   (*Id*. at 7).   In support, the Plaintiff attached a proposed order for the Court's consideration.   (Doc. 20-1).

Interlocutory sales of vessels are governed by Supplemental Admiralty Rule E(9)(a)(i),[1] which provides, in pertinent part, as follows:

---

[1] Although the Plaintiff quotes the relevant portions of Rule E(9)(a)(i), the Plaintiff also mistakenly cites to Rule E(9)(b).   (*See* Doc. 20 at 3).   The undersigned will assume that this is a scrivener's error.

On application of a party, the marshal, or other person having custody of the property, the court may order all or part of the property sold—with the sales proceeds, or as much of them as will satisfy the judgment, paid into court to await further orders of the court—if:

(A) the attached or arrested property is perishable, or liable to deterioration, decay, or injury by being detained in custody pending the action;

(B) the expense of keeping the property is excessive or disproportionate; or

(C) there is an unreasonable delay in securing release of the property.

Supplemental Admiralty Rule E(9)(a)(i).  "Plaintiff need only demonstrate that one of these conditions is present to justify an interlocutory sale of the vessel." *20th Century Fox Film Corp. v. M.V. Ship Agencies*, 992 F. Supp. 1434, 1437 (M.D. Fla. 1997) (citing *Silver Star Enterprises, Inc. v., M/V Saramacca*, 19 F.3d 1008, 1014 (5th Cir. 1994)).  *See also KFW v. M/V Yorktown*, No. 3:14-cv-715-J-39JRK, 2014 WL 3339614, at * 3 (M.D. Fla. July 7, 2014)

The Plaintiff contends that the Vessel should be sold at auction as soon as possible pursuant to Supplemental Admiralty Rule E(9)(a)(i)(B) because the custodian fees have become excessive. (Doc. 20 at 4-5).  Specifically, the Plaintiff states that in approximately two months (from the date the Motion was filed) the custodian fees will come close to eclipsing the estimated value of the Vessel, *i.e*, $30,000.00.  (*Id*. at ¶¶ 14-15, 17).[2]  On this record and absent any objection from the purported owners (Mr. Broadwell and his son) or other interested parties, the undersigned finds that the interlocutory sale of the Vessel is appropriate pursuant to Rule E(9)(a)(i)(B).  More particularly, the undersigned finds that the expense of keeping the Vessel is excessive or disproportionate – the custodian fees continue to accrue monthly, and will soon exceed the value of the Vessel itself.[3]

---

[2]  While the Plaintiff does not provide any evidence in support of the estimated value of the Vessel, the Motion is unopposed.  Therefore, the undersigned accepts the Plaintiff's uncontested representation concerning the value of the Vessel as true.

[3]  The Plaintiff also contends that the Vessel should be sold at auction under Supplemental

Accordingly, it is respectfully **RECOMMENDED** that:

1.  The Motion (Doc. 20) be **GRANTED** and the Court enter an order with the following instructions:

    a.  The United States Marshal is **DIRECTED** to sell the Vessel at public auction on at least one calendar week's notice, to the highest and best bidder, in accordance with Local Admiralty Rule 7.05(r), and subject to confirmation by the Court.  Any net proceeds (after payment of Marshal's fees and charges and other costs of sale) shall be deposited into the Court's registry for distribution following resolution of this case.  The sale shall be conducted no later than **twenty-five (25) days** from the date of the Order.

    b.  The United States Marshal shall twice give notice of the public sale pursuant to the Local Admiralty Rules of this Court, specifically Local Admiralty Rules 7.05(q) and 7.01(g).  The notice shall include the time and place where the sale will be conducted.  In addition, the notice shall state that prospective bidders may, on application to the United States Marshal and, in such times and in such manner as he may direct, board the vessel for the purposes of inspection thereof; and that the highest and best bidder will be required to deliver to the United States Marshal at the

---

Admiralty Rule E(9)(a)(i)(A) because the Vessel has been sitting in the sun unused and is "naturally being damaged as a result of the sun and neglect."  (Id. at ¶ 20).  Because the undersigned finds that the Plaintiff's explanation of the accruing custodial fees is sufficient justification to warrant an interlocutory sale of the Vessel at auction, the undersigned need not discuss this alternative rationale any further.  Nevertheless, the undersigned notes that the Plaintiff's description of the "damage" to the Vessel, taken as true, is lacking.  Specifically, it is unclear whether the damage is limited to superficial issues, such as faded paint, or something more serious, such as structural issues that affect the Vessel's seaworthiness.  Thus, on the present record, the undersigned is unable to ascertain the extent of the damage to the Vessel and, as it pertains to the present motion, whether such damage would justify an immediate sale of the Vessel under Rule E(9)(a)(i)(A).

time of the sale, in cash, certified check, or cashier's check, earnest money equal to $500.00 or 10% of the bid price, whichever is greater, with the balance thereof to be paid in cash, certified check, or cashier's check within three working days after the sale, or, if an objection is filed in accordance with Local Admiralty Rule 7.05(r)(7), within three working days after the Court confirms the sale.

c.  At the conclusion of the sale, the United States Marshal is directed to file a written report of the sale as provided in Local Admiralty Rule 7.05(r)(5).  Unless an objection is timely filed in accordance with Local Admiralty Rule 7.05(r)(7), or the purchaser is in default for failing to pay the balance of the purchase price, the Plaintiff shall file a Request for Confirmation of Sale on the day following the last day for filing objections.  The Request for Confirmation of Sale shall comply with the requirements of Local Admiralty Rule 7.05(r)(6) and include a proposed Confirmation of Sale which substantially conforms in format and content to the form identified as MDF 710 in the Appendix to the Local Admiralty Rules of the Court.

2.  The Plaintiff be permitted to make a credit bid at the auction of the Vessel, which shall be an amount equal to the outstanding principle balance alleged in the Complaint, plus the *custodia legis* accrued at the time of the auction.

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1. **If there are no objections to this Report, then the parties may file a notice of no objection.**

Recommended in Orlando, Florida on December 5, 2019.

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy