UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**HARBORTOWN MARINA-CANAVERAL, LTD.,**

      **Plaintiff,**

v.                                  Case No: 6:19-cv-1126-Orl-41LRH

**S/V "ODYSSEY" and DALE BROADWELL,**

      **Defendants.**

                                  /

**ORDER**

THIS CAUSE is before the Court on the Agreed Motion for Immediate Interlocutory Sale of Vessel ("Motion," Doc. 20). Therein, "Plaintiff seeks on Order from the Court directing the sale of Defendant Vessel at public auction." (*Id.* at 1). United States Magistrate Judge Leslie R. Hoffman issued a Report and Recommendation ("R&R," Doc. 21), recommending that the Court grant the Motion and enter an Order directing sale of the Vessel. (*Id.* at 4).

After a *de novo* review of the record, and noting that Plaintiff filed a Joint Notice of No Objection (Doc. 22),[1] this Court agrees entirely with the analysis set forth in the R&R. Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 21) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

---

[1] The *in personam* Defendant, Dale Broadwell, has not entered an appearance in this case. However, Plaintiff has provided a copy of the R&R to Defendant by email, and Defendant responded that he "approve[s]" of the R&R. (Defendant's Email, Doc. 22-1, at 2).

2. The Agreed Motion for Immediate Interlocutory Sale of Vessel (Doc. 20) is **GRANTED**.

   a. **On or before January 6, 2020,** the United States Marshal is **DIRECTED** to sell the Vessel at public auction with at least one calendar weeks' notice, to the highest and best bidder, in accordance with Local Admiralty Rule 7.05(r), and subject to confirmation by the Court. Any net proceeds (after payment of Marshal's fees and charges and other costs of sale) shall be deposited into the Court's registry for distribution following resolution of this case.

   b. The United States Marshal is **DIRECTED** to twice give notice of the public sale pursuant to Local Admiralty Rules 7.05(q) and 7.01(g). The notice shall include the time and place where the sale will be conducted. In addition, the notice shall state that prospective bidders may, on application to the United States Marshal and, in such times and in such manner as he may direct, board the Vessel for the purposes of inspection thereof; and that the highest and best bidder will be required to deliver to the United States Marshal at the time of the sale, in cash, certified check, or cashier's check, earnest money equal to $500 or ten percent of the bid price, whichever is greater, with the balance thereof to be paid in cash, certified check, or cashier's check within three working days after the sale, or, if an objection is filed in accordance with Local Admiralty Rule 7.05(r)(7), within three working days after the Court confirms the sale.

c. At the conclusion of the sale, the United States Marshal is **DIRECTED** to file a written report of the sale as provided in Local Admiralty Rule 7.05(r)(5). Unless an objection is timely filed in accordance with Local Admiralty Rule 7.05(r)(7), or the purchaser is in default for failing to pay the balance of the purchase price, the Plaintiff shall file a Request for Confirmation of Sale on the day following the last day for filing objections. The Request for Confirmation of Sale shall comply with the requirements of Local Admiralty Rule 7.05(r)(6) and include a proposed Confirmation of Sale which substantially conforms in format and content to the form identified as MDF 710 in the Appendix to the Local Admiralty Rules of the Court.

3. Plaintiff may make a credit bid at the auction of the Vessel, which shall be an amount equal to the outstanding principle balance alleged in the Complaint, plus the *custodia legis* accrued at the time of the auction.

**DONE** and **ORDERED** in Orlando, Florida on December 10, 2019.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record